CHRISTIAN A. SIEBOLD, PROSECUTOR, v. JOSEPH H. MAY-
FIELD, BOARD OF ADJUSTMENT OF THE BOROUGH
OF RAMSEY AND THE MAYOR AND COUNCIL OF THE
BOROUGH OF RAMSEY, DEFENDANTS.

Argued January 21, 1948—Decided February 19, 1948.

Before Justices Bodine, Heiier and Wachenfeld.

For the prosecutor, *Weber & Muth* and *James A. Major*.

For Joseph H. Mayfield, *Doughty & Dwyer* (*Michael A. Dwyer*).

For Board of Adjustment and Borough of Ramsey, *Romeo Napolitano*.

The opinion of the court was delivered by

Bodine, J. This is a zoning case. The prosecutor of this writ is the owner of property at the corner of Airmount Avenue and Franklin Turnpike in the Borough of Ramsey. One of the defendants is the owner of premises on the opposite corner and the Board of Adjustment of the Borough and the Mayor and Council are the others.

For many years, the defendant Mayfield operated a garage on his property. The garage business was profitable because Franklin Turnpike was a through highway. Later this was changed because a new state highway was built in the neighborhood. As a result there was little or no business for him. Other business properties are being torn down or converted to residence purposes. His property is now surrounded by residences built with care and expense.

The action of the Board of Adjustment was predicated upon *R. S.* 40:55–39 granting authority to authorize a variance which will not be contrary to the public interest. The variance was for use of the former garage for the winding, testing and assembling of small transformers or coils used in various electronic devices. The power plant was restricted to ten horsepower and the number of operators was fixed at ten. But the variance brought manufacturing into the area contrary to the ordinance.

We find in the record that the contemplated use will in all likelihood deteriorate the value of the prosecutor's property. Once manufacturing comes into a district others follow. A spot use results and presently the character of the neighborhood is changed. The proofs indicate to-day a residential domination in the area in question.

514

The action taken seems to us not to be within the corners of the statute and the rulings of the court in *Sitgreaves* v. *Board of Adjustment of Nutley,* 136 *N. J. L.* 21; *Peterson* v. *Palisades Park,* 127 *Id.* 190; *Cook* v. *Board of Adjustment of Trenton,* 118 *Id.* 372; *Brandon* v. *Montclair,* 124 *Id.* 135. The variance will be set aside.